UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL W. THATCHER, JR.,                                  Case No. 1:12-cv-470

    Plaintiff,                                                       Weber, J.
                                                                         Bowman, M.J.
  v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

**I. Background**

Plaintiff, proceeding *in forma pauperis*, filed this *pro se* civil rights case while incarcerated at the Lebanon Correctional Institution ("LeCI"), alleging that fifteen defendants violated his civil rights, including but not limited to exhibiting deliberate indifference to his serious medical needs. Upon initial screening, the undersigned previously filed a Report and Recommendation ("R&R") recommending that various claims and defendants be dismissed for failure to state a claim. (Doc. 8). However, I recommended that the Court permit a portion of Plaintiff's Eighth Amendment claims to proceed against three named physician-defendants, to the extent that those claims were not patently frivolous. (*Id.*). Plaintiff has filed objections to that R&R, (Doc. 21), which has not yet been adopted or rejected by the presiding district judge. The record further reflects that all three Defendants against whom claims were permitted to

1

proceed have now been served with a summons and copy of the complaint, although only one, Dr. John R. DesMarais, has appeared of record.[1]

At the same time he filed his complaint, Plaintiff filed a number of additional motions, including a motion seeking a temporary restraining order ("TRO") and preliminary injunction. (Doc. 4). That dispositive motion remains pending. Also pending is Defendant DesMarais's more recently filed motion to dismiss. (Doc. 14). For the reasons that follow, I now recommend that Plaintiff's motion for a TRO or preliminary injunction be denied, and that Defendant's motion to dismiss be granted.

**II. Analysis**

**A. Motion for Temporary Restraining Order/ Preliminary Injunction**

In determining whether to issue a TRO or an emergency injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

---

[1] The issue of service and the failure to appear by two of the named Defendants is addressed by separate Order filed herewith, along with a number of other non-dispositive motions.

*See Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order).

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction in this case. Although the deciding factor is his failure to prove a likelihood of success on the merits, Plaintiff has demonstrated none of the factors required to obtain injunctive relief.

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir.1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir.1984)("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

In this case, Plaintiff has failed to satisfy his heavy burden of demonstrating that extraordinary relief is warranted. His motion for a TRO and for preliminary injunctive relief is based upon the same allegations as is his complaint. In fact, Plaintiff seeks emergency injunctive relief against "the entire cast of defendants" and under the "First Amendment" even though I previously recommended dismissal of most Defendants, and of all claims with the exception of a claim of deliberate indifference to medical treatment under the Eighth Amendment. (*See* Doc. 4).

Of course, permitting a prisoner civil rights claim to proceed as non-frivolous is far from a determination that Plaintiff's claim is likely to succeed on the merits. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In this case, it is clear from the complaint that Plaintiff received some medical attention, albeit less than he desired, and at a later date than he sought. Plaintiff does not allege that he is suffering from any sort of irreparable harm, or that he faces such harm if injunctive relief is not granted. Neither the allegations of Plaintiff's complaint or his motion, then, provide grounds for granting extraordinary injunctive relief.

**B. Defendant DesMarais's Motion to Dismiss**

In lieu of filing an answer, Defendant DesMarais has moved to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. In the R&R

4

filed on July 5, 2012, I permitted Plaintiff's claims to proceed against Dr. DesMarais and two other physician Defendants, reasoning that the claims were not wholly frivolous, and that the complaint contained sufficient factual matter to "state a claim to relief that is plausible on its face." (Doc. 8 at 2, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(additional citations omitted). As previously described, Plaintiff's claims assert liability for inappropriate medical care and inappropriate supervision, amounting to a violation of the Eighth Amendment. (Doc. 8 at 3). Plaintiff alleges that he was injured on February 24, 2011 from a fall "in the cooler in the Butcher Shop while doing [his] job." (Doc. 1 at 5, 7). He avers that he suffered a "hernia" and/or "pulled something" in his back from the fall,[2] but was not provided with any medical care at the time of the incident. Instead, when eventually examined by Defendant Dr. McWeeney on March 8, 2011, Plaintiff alleges he was advised that he had "a hernia in a[n] odd place, but that there was nothing [the doctor] could do to help." (Doc. 1 at 6). No pain medication or other treatment was provided by Dr. McWeeney, who allegedly informed Plaintiff that "someone over him was over-riding his medical decisions." Plaintiff additionally alleges that Dr. McWeeney told him to purchase his own pain medications from the commissary, and advised him to "take it easy." (*Id.*).

Plaintiff subsequently complained to various prison personnel, including the Health Care Administrator, two Deputy Wardens, and the Warden of LeCI. One of the

---

[2]As noted in the prior R&R, a document attached to the complaint refers to Plaintiff having been diagnosed with a "herniated disc" as opposed to a "hernia." However, the precise nature of Plaintiff's injury and/or diagnosis is not relevant to resolution of the pending motion to dismiss.

5

Deputy Wardens, as well as the Warden himself, allegedly informed Plaintiff that Defendant Dr. DesMarais was the staff member who was "over-riding all medical decisions." (*Id.*). Plaintiff states that Dr. McWeeney subsequently resigned from his employment "on or about March 22, 2011," and that Dr. O. Cataldi, his replacement, failed to examine Plaintiff prior to sending Plaintiff back to work "on or around May 19, 2011." (Doc. 1 at 7). Plaintiff requests both monetary damages totaling 4.7 million dollars, and injunctive relief in the form of "disciplinary steps" against each Defendant.

In the prior R&R, I noted that "plaintiff was not placed on any restrictions by the medical staff who examined him after his fall." (Doc. 8 at 8). For that reason and because it appeared that food service staff responded to his complaints by sending Plaintiff back to medical staff for re-examination on March 8, 2011, various food service employees could not be held liable for Plaintiff's claim of deliberate indifference under the Eighth Amendment. (Doc. 8 at 8). For similar reasons, and because supervisors cannot be held liable under a *respondeat superior* theory of liability under 42 U.S.C. §1983, I recommended the *sua sponte* dismissal of all other non-medical staff named as defendants. (Doc. 8 at 6-7). One defendant identified as a physician (Dr. T. Heyd) was dismissed along with three other defendants on the basis that plaintiff had failed to allege any facts *at all* connecting them to the events in the complaint. (Doc. 8 at 6). The recommended dismissals of Plaintiff's asserted First, Sixth, Eighth and Fourteenth Amendment claims against a dozen defendants left only Plaintiff's deliberate

6

indifference claim against three institutional physicians, all of whom were alleged to be tied in some way to Plaintiff's claim of grossly inadequate medical treatment.

What I did not do in the prior R&R was to parse out Plaintiff's specific allegations against each of those three physician Defendants. Instead, in recognition of the relatively low bar that applies to a frivolousness determination under 28 U.S.C. §1915(e), I concluded that "[l]iberally construing the complaint," Plaintiff's claims "against defendants Dr. McWeeney, Dr. DesMarais and Dr. O. Cataldi based on the theory of deliberate indifference to his serious medical needs is worthy of further development and may proceed." (Doc. 8 at 6). I based this initial determination on the fact that Plaintiff had at least included minimal allegations that the three physicians were in some way responsible for failing to provide him with adequate medical treatment for serious injuries allegedly sustained on February 24, 2011. (*Id.*).

In his motion to dismiss, Dr. DesMarais now asks the Court to more closely examine the allegations against him, arguing that those allegations do not in fact state a "plausible" claim for relief under Rule 12(b)(6) and the *Iqbal* standard. Having now had the benefit of Defendant's argument and citation to relevant case law, to which Plaintiff has failed to respond despite an extension of time to do so (Doc. 19), I agree that Plaintiff's allegations do not survive the motion to dismiss.

In recent years, the Supreme Court has brought greater focus to the pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its

retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal*, a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.

When more closely reviewed in the context of Defendant's motion, it quickly becomes clear that Plaintiff's allegations do not meet the requisite standard to state a claim against Dr. DesMarais. Instead, Plaintiff has alleged nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" that offers no "more than a sheer possibility" that Dr. DesMarais has acted unlawfully. *Iqbal*, 556 U.S. at 678.

To establish liability against a specific defendant under §1983, Plaintiff must include allegations that are sufficient to hold that defendant personally responsible for

8

the allegedly unconstitutional action. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2011)("Personal involvement is necessary to establish section 1983 liability," internal quotation marks and citation omitted). Plaintiff's complaint alleges that Dr. McWeeney failed to treat him, and advised Plaintiff that "someone" was overriding all of Dr. McWeeney's decisions on Plaintiff's "type" of injury as well as on "a few other injuries." (Doc. 3-1 at 3). However, Plaintiff does not allege that Dr. McWeeney actually communicated with Dr. DesMarais, or anyone else, in the course of examining and/or treating Plaintiff. Instead, after Plaintiff complained of Dr. McWeeney's treatment to a deputy warden and the warden of the institution, those individuals allegedly "told [Plaintiff] that Dr. John R. DesMarais is who is over-riding all medical decisions and etc." (Doc. 1 at 6). In other words, even construing his *pro se* complaint liberally, Plaintiff's sole allegation against Dr. DesMarais is that Plaintiff subjectively believes that Defendant DesMarais on an unknown date communicated a general policy to Dr. McWeeney that dictated medical protocols for Plaintiff's "type" of injury, as well as for some other categories of injuries sustained by the inmate population at LeCI.

Notably, Plaintiff does not allege that Dr. DesMarais ever became aware of Plaintiff's actual injury on February 24, 2011 or at any other time, or that Dr. DesMarais was ever aware of the treatment administered to Plaintiff by Dr. McWeeney. Thus, Plaintiff does not allege that Dr. DesMarais actually overrode any medical decisions related to Plaintiff's treatment, or even what those medical decisions would have been, absent undefined influence of Dr. DesMarais. There are no allegations concerning what

9

guidelines or protocols Dr. DesMarais may have communicated, nor does Plaintiff include factual allegations that could lead this Court to infer that any guidelines were actually applied to Plaintiff by Dr. DesMarais, rather than by Dr. McWeeney. Absent some allegation that Dr. DesMarais was personally involved, or at least made aware of Plaintiff's allegedly inadequate medical care, he cannot be held *individually* liable under 42 U.S.C. §1983.

The "deliberate indifference" standard set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994) has both a subjective and an objective component. To demonstrate the subjective element of a deliberate indifference claim, a plaintiff must be able to prove that the defendant subjectively perceived a substantial risk of harm and then disregarded it. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001). A culpable state of mind requires "[o]bduracy and wantonness," not mere inadvertence. *Gibson v. Foltz*, 923 F.2d 851, 853 (6th Cir.1992*); accord Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that official must know of and disregard an excessive risk to inmate health or safety).

When a prisoner fails to plead facts that show that an individual defendant "knew of and disregarded an excessive risk to inmate health or safety," the claims against that defendant must be dismissed. *See, e.g., Wilder v. Collins*, 2012 WL 1606035, *6 (S.D. Ohio, May 8, 2012)(dismissing Eighth Amendment claim against physician who was alleged to be "responsible for the lack of proper physical therapy" as insufficient); *Schmidt v. Healthcare Servs.*, 2012 WL 289323, *3 (W.D. Mich., Jan. 31, 2012)(holding

that "[i]t is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants" and that if "[t]here is nothing in Plaintiff's allegations which supports the subjective component of an Eighth Amendment claim" the complaint is properly dismissed); *Stewart v. Taft*, 235 F. Supp. 763 (N.D. Ohio 2002)(granting motion to dismiss where plaintiff had alleged only that physicians were generally responsible, but did not allege personal involvement in his care).

Plaintiff makes clear in attachments to his complaint that he seeks to sue each Defendant only in his individual capacity and not in his official capacity. (Doc. 3-1 at 1). Nevertheless, it is worth noting that Plaintiff's claim against Dr. DesMarais would not survive even if viewed as against that Defendant solely in his official capacity. Plaintiff's allegation that some type of vague directive from Dr. DesMarais led to his injury is simply too conclusory and insufficient to state a claim. *Accord Dotson v. Wilkinson*, 477 F. Supp.2d 838, 852 (N.D. Ohio 2007)(granting motion to dismiss, because plaintiff's bare allegations that Medical Director implemented or promulgated rules and policies that deprived him of proper treatment for Hepatitis C were insufficient to state a claim, absent additional factual allegations to support such a conclusion).[3]

### C. *Sua Sponte* Recommended Dismissal of Dr. O. Cataldi

In the course of more closely reviewing the allegations against Defendant Dr. DesMarais, the Court has had the opportunity to take a second look at the allegations

---

[3] Although superfluous, an added basis for dismissing Plaintiff's claim for monetary damages against Dr. DesMarais in his official capacity is that such a claim would be barred by the Eleventh Amendment. *See Dotson*, 477 F.Supp.2d at 852.

11

against Dr. Cataldi. The language of 28 U.S.C. §1915(e)(2) provides that a court may dismiss a case "at any time" if a court determines that complaint does not meet minimal requirements for continued prosecution. The Sixth Circuit has affirmed that §1915(e)(2) remains applicable throughout the litigation process. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)(abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Plaintiff's only allegations against Defendant Dr. O. Cataldi are that he was Dr. McWeeney's replacement after Dr. McWeeney resigned, and that when he assumed responsibility for Plaintiff's care, he "really did not do a thorough examination before sending Plaintiff back to work on or around May 19, 2011." (Doc. 3-1 at 9; Doc. 3 at 7). For much the same reasons that Plaintiff's specific allegations are insufficient to state an Eighth Amendment claim against Dr. DesMarais, they are insufficient to state a similar claim against Dr. O. Cataldi. At most, Plaintiff appears to allege a negligent medical examination by Defendant Cataldi – conduct that clearly falls short of the objective and subjective components required to demonstrate a claim of deliberate indifference to serious medical needs. *See Cornstock v. McCrary*, 273 F.3d at 703 ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.").

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for a TRO and/or preliminary injunctive relief (Doc. 4) be **DENIED**;

2. Defendant DesMarais's motion to dismiss (Doc. 14) be **GRANTED**, with all claims against that Defendant to be dismissed; and that

3. All claims against Defendant Dr. O. Cataldi be **DISMISSED** *sua sponte*, for failure to state a claim, pursuant to 28 U.S.C. §1915(e).

         */s Stephanie K. Bowman*
         Stephanie K. Bowman
         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL WILLIAM THATCHER, JR.,        Case No. 1:12-cv-470

    Plaintiff,        Weber, J.
       Bowman, M.J.

    v.

INSTITUTIONAL INSPECTOR MAHALMA, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).