**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PAUL W. THATCHER, JR.,

    Plaintiff,

    v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION, et al.,

    Defendants.

Case No. 1:12-cv-470

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

**I. Procedural Background**

Plaintiff, an inmate at the Lebanon Correctional Institution ("LeCI") in Lebanon, Ohio, and proceeding *pro se*, has filed five non-dispositive motions which, pursuant to local practice, have been referred to the undersigned magistrate judge.  Plaintiff's motions include: (1) two motions seeking the appointment of counsel to represent him in this civil rights litigation (Docs. 6, 20); (2) two motions seeking to compel Defendants to produce documents (Docs. 5, 7); and (3) a motion seeking to compel Defendants to attend a settlement conference (Doc. 22).  In addition to filing responses in opposition to some of the motions, Defendants have moved to strike Plaintiff's motion to Produce (Doc. 16).  All of Plaintiff's motions, as well as Defendants' motion, will be denied.  In addition, this Order addresses an issue concerning service of one of the Defendants, Dr. McWeeney.

Pursuant to a Report and Recommendation ("R&R") filed on July 5, 2012 (Doc. 8), as well as a second R&R filed this day, I have recommended that all of Plaintiff's claims against fourteen of fifteen originally-named Defendants be dismissed. The only claim concerning which I have not recommended dismissal is Plaintiff's claim that Dr. McWeeney, a staff physician previously employed at LeCI, exhibited deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Dr. McWeeney has not yet appeared of record, although the summons served on him was returned as executed, reflecting that an answer was due on August 20, 2012. (Doc. 17).

## II.  Service Issue

The issue of service on two of the Defendants, Drs. McWeeney and Cataldi, remains unclear. However, the undersigned has recommended the dismissal of Dr. Cataldi. Unless that R&R is rejected, therefore, the issue of service on Dr. Cataldi is moot. By contrast, service on Dr. McWeeney remains paramount for Plaintiff's remaining claim.

As a *pro se* litigant proceeding *in forma pauperis*, Plaintiff is entitled to free service of his complaint by the United States Marshal, so long as he completes the requisite summons and Marshal forms, and sufficiently identifies the defendant and the address where he can be served. In this case, Plaintiff identified the address for Dr. McWeeney as LeCI, notwithstanding an allegation that Dr. McWeeney has resigned from his employment. A summons served on Dr. McWeeney was returned as executed, implying proper service, but Dr. McWeeney has filed no timely answer or response to the complaint, placing him in danger of default under Rule 55(a). However, counsel for

co-defendant Dr. DesMarais suggests in a motion to dismiss that service on Dr. McWeeney has not been perfected, notwithstanding the return of the summons. Counsel also states that he is not presently authorized to represent Dr. McWeeney.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over a Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

To the extent that some defect in service is demonstrated, given the responsibility of the U.S. Marshal to perfect service on behalf of Plaintiff,[1] the Court

---

[1] The responsibility of the Court to perfect service on behalf of a plaintiff proceeding *in forma pauperis* is not without limits. Plaintiff remains responsible for providing the Court with sufficient information to achieve service. On the other hand, when the plaintiff is a prisoner and seeks to sue a defendant no

finds "good cause" to permit Plaintiff additional time to effect timely service. See Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). However, given the critical nature of this issue and the ambiguity in the record, the Court will direct defense counsel to assist the Court in clarifying whether service has been perfected or waived.

### III. Pending Motions

### A. Plaintiff's Motions for the Appointment of Counsel

In two of his motions, Plaintiff seeks the appointment of counsel because he is indigent and because he has a limited reading level. (Docs. 5, 20). Having reviewed Plaintiff's complaint, I find Plaintiff's claims to be straightforward, and no more complex than thousands of similar claims filed by *pro se* prisoners each year in the federal courts. Plaintiff's limited reading level aside, he has shown adequately comprehension of the law and adequately articulated his claims in his complaint and in several motions filed to date.

Therefore, Plaintiff's motion for the appointment of counsel will be denied based upon the general principle that civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). The instant case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

---

longer in the employ of the prison system, courts sometimes are required to assist the prisoner in obtaining an address for service, in order to prevent disclosure of home addresses of current or former

### B. Plaintiff's Motion for Settlement Conference

Plaintiff's motion for an "out of court settlement" also will be denied at this time. Federal Rule of Civil Procedure 16(a)(5) gives discretion to the Court to order parties to appear for settlement conferences.[2] However, in light of the preliminary stage of this litigation and the recommended dismissal of most claims and defendants, a settlement conference would be inappropriate.

### C. Plaintiff's Discovery Motions

Plaintiff has filed two motions that essentially seek document discovery from all Defendants. However, the fact that Plaintiff proceeds *pro se* does not entitle him to ignore the procedural rules for conducting discovery. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that *pro se* litigants are not exempt from the requirements of procedural rules in ordinary civil litigation). Discovery requests must be served directly on a party, without filing such requests in Court. *See* Federal Rule of Civil Procedure 5(d)(1)("discovery requests and responses must *not* be filed until they are used in the proceeding . . . [including] *requests for documents.*") (emphasis added); *see also* S.D. Ohio Civ. R. 5.4(a).

Only if a defendant fails to timely produce requested discovery may a plaintiff seek the intervention of the court to obtain discovery. However, prior to filing a motion to compel production of discovery, the party seeking discovery must fully comply with Rule 37, Fed. R. Civ. P. and related Local Rules 37.1 and 37.2. Those rules require a litigant to fully exhaust efforts to resolve a discovery dispute without court assistance,

---

employees and balance the safety interests of the institution.

and to verify his attempts by filing a detailed certification of the same along with his memorandum outlining the nature of the dispute.

In this case, both of Plaintiff's discovery-related motions (Docs. 5, 7) appear to be basic requests for the production of documents. Although Plaintiff's second motion "for compliance and delivery of documents" comes closer to a motion to compel, it seeks production only on grounds that Plaintiff is "indigent" and wholly fails to comply with Rule 37. On this one occasion only, and in the interests of justice, the Court will direct counsel for Defendants to respond to Plaintiff's initial discovery request as if that request had been properly served on the date of this Order rather than filed of record. However, Plaintiff is forewarned that if he *again* improperly files a discovery request in the record without serving defense counsel directly, the court will ignore that request and/or deny or strike the motion as procedurally improper.

### D. Defendants' Motion to Strike

Defendants have moved to strike Plaintiff's current discovery motion(s) as procedurally improper. In light of the above discussion, Defendant's motion will be denied as moot.

### IV. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motions to appoint counsel (Docs. 6, 20) are **DENIED**;

2. Plaintiff's motion for a settlement conference (Doc. 22) is **DENIED**;

---

[2] Fed. R. Civ. P. 16(a)(5) states "In any action, the court *may* order attorneys and any unrepresented parties to appear for one or more pretrial conference for such purposes as . . . facilitating settlement.

3. Plaintiff's discovery related motions (Docs. 5, 7) are **DENIED** in part, except that *on this one occasion* Defendants shall respond to Plaintiff's first motion for Production of Documents (Doc. 5) as if responding to a properly served discovery request, served on the date of this Order;

4. Defendant's motion to Strike (Doc. 16) is **DENIED;**

5. On or before **November 22, 2012**, counsel for the lone appearing Defendant, Dr. DesMarais, shall indicate whether he will accept service on behalf of co-defendant Dr. McWeeney, or whether Dr. McWeeney will waive service.  In the alternative, counsel shall show cause (to the extent known) why the Clerk should not be directed to file an entry of default against Dr. McWeeney in light of the return of the executed summons and failure of Dr. McWeeney to appear.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge