UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL W. THATCHER, JR.,

    Plaintiff,

    v.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION, et al.,

    Defendants.

Case No. 1:12-cv-470

Weber, J.
Bowman, M.J.

**MEMORANDUM ORDER**

**I. Procedural Background**

Plaintiff, an inmate at the Lebanon Correctional Institution ("LeCI") in Lebanon, Ohio, and proceeding *pro se*, has filed numerous motions which, pursuant to local practice, have been referred to the undersigned magistrate judge. In the Court's last Order of November 13, 2012, the undersigned denied two motions in which Plaintiff sought the appointment of counsel to represent him in this civil rights litigation (Docs. 6, 20, 26).

Pursuant to two separately filed Reports and Recommendations ("R&Rs") (Docs. 8, 25), I also previously recommended that all of Plaintiff's claims against fourteen of fifteen originally-named Defendants be dismissed. The only claim for which the undersigned has not recommended dismissal is Plaintiff's claim that Dr. McWeeney, a staff physician previously employed at LeCI, exhibited deliberate indifference to

Plaintiff's serious medical needs in violation of the Eighth Amendment. Dr. McWeeney has not yet appeared of record.

## II. Pending Matters

### A. Service Issue

Plaintiff initiated this litigation on June 20, 2012, and under Rule 4(m), Fed. R. Civ. P., was required to perfect service within 120 days of the filing of his complaint – a date now long past due. As of the date of the Court's last Order, (Doc. 26), service on two of the Defendants, Drs. McWeeney and Cataldi, was unclear.

The issue of service on Dr. Cataldi is no longer relevant because the undersigned has recommended the dismissal of that Defendant. (Doc. 25). Thus, unless that pending R&R is rejected, the issue of service on Dr. Cataldi is moot. By contrast, service on Dr. McWeeney remains paramount for Plaintiff's remaining claim.

Based upon Plaintiff's status as a *pro se* litigant proceeding *in forma pauperis*, Plaintiff is entitled to free service of his complaint by the United States Marshal, so long as he completes the requisite summons and Marshal forms, and sufficiently identifies the defendant and the address where he can be served. In this case, Plaintiff initially identified the address for Dr. McWeeney as LeCI, notwithstanding the allegation in his complaint that Dr. McWeeney had resigned from employment. A summons served on Dr. McWeeney at LeCI was initially returned as executed, implying proper service, but Dr. McWeeney filed no timely answer or response. At the direction of this Court, counsel for another defendant (Dr. DesMarais) recently clarified that service has never

2

been perfected on Dr. McWeeney, because he no longer works at LeCI. (*See* Docs. 26, 29).[1]

Given the responsibility of the U.S. Marshal to perfect service on behalf of Plaintiff and the ambiguity of whether service had been perfected as of the date of the Court's last order, the Court found "good cause" to permit Plaintiff some period of additional time to effect timely service. *See* Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). At the same time, the Court's last order noted:

> The responsibility of the Court to perfect service on behalf of a plaintiff proceeding *in forma pauperis* is not without limits. Plaintiff remains responsible for providing the Court with sufficient information to achieve service. On the other hand, when the plaintiff is a prisoner and seeks to sue a defendant no longer in the employ of the prison system, courts sometimes are required to assist the prisoner in obtaining an address for service, in order to prevent disclosure of home addresses of current or former employees and balance the safety interests of the institution.

(Doc. 26 at n. 1).

In light of the information recently provided by the Assistant Ohio Attorney General in her capacity as counsel for co-defendant Dr. John DesMarais that service on Defendant Dr. McWeeney has not been perfected or waived, and that Dr. McWeeney is no longer in the employ of the prison system, (Doc. 29), this Court will undertake to assist Plaintiff in perfecting service on Dr. McWeeney. For security reasons, the Court will not require public disclosure of Dr. McWeeney's home address, but will instead

---

[1] The affidavit of the Executive Secretary to the Warden at LeCI, Ms. Christy Reffitt, explains that LeCI mailroom staff initially accepted a certified letter addressed to Dr. McWeeney in error. Ms. Reffitt discovered the error and mailed the lawsuit packet back to the U.S. Marshal Service the same day that it was erroneously received, with a cover letter indicating that service could not be accepted for Dr. McWeeney because he was no longer employed at LeCI. (*See* Doc. 29-1, 29-2).

3

require counsel for Dr. DesMarais to provide the last known home address for Dr. McWeeney to the Court *in camera* by January 31, 2013. *Accord, Dearing v. Institutional Inspector*, Case No. 1:11-cv-204 (Docs. 45, 49, 78, 82, reflecting similar efforts to obtain service upon a former prison employee and a non-employee).

### B. Plaintiff's Third Motion for the Appointment of Counsel

In a motion filed on November 28, 2012, Plaintiff seeks "reconsideration" of this Court's last order denying Plaintiff's last two motions for the appointment of counsel. Plaintiff explains that the basis of his current motion is that another inmate previously had been assisting him, but is no longer able to do so. At the same time, Plaintiff acknowledges that he personally wrote out the complaint and several of the motions filed to date.

Plaintiff's third motion seeking the appointment of counsel will be denied for the reasons previously stated in the Court's last order. (Doc. 26). If Plaintiff intended to seek "reconsideration" from the district judge rather than from the undersigned magistrate judge, he is advised that he should have filed "objections" to the order, just as he has filed objections to the prior R&Rs.

### C. Plaintiff's Motion for 90 Day Extension to Respond to R&R

On November 28, 2012, Plaintiff filed a motion seeking an extension of 90 days in which to file his objections to the last R&R filed by the undersigned. This motion is essentially a duplicate of Plaintiff's prior motion seeking a similar extension, which was granted by the presiding district judge on November 26, 2012. (Docs. 30, 32). Plaintiff filed his objections to the pending R&R on December 26, 2012. (Doc. 37). Therefore, the current motion will be denied as moot.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion for reconsideration of the Court's last order denying his motion to appoint counsel (Doc. 34) is **DENIED**;

2. Plaintiff's motion for a 90-day extension of time in which to file objections to the last R&R (Doc. 35) is also **DENIED AS MOOT**;

3. On or before **January 31, 2013,** counsel for Defendant DesMarais shall transmit to the Court *in camera* the last known home address of Dr. McWeeney.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

5