UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL W. THATCHER,

        Plaintiff

    v.                        Civil Case No. 1:12-cv-470-HJW

WARDEN LEBANON CORRECTIONAL
INSTITUTION, et al,

        Defendants

## ORDER

This matter is before the Court upon the pro se plaintiff's document which he has styled as a "Petition to Remove and Petition to Transfer" (doc. no. 45). No response has been filed. The Court will <u>deny</u> the motion for the following reasons:

On January 28, 2013, the pro se plaintiff filed a motion for recusal of the undersigned as the presiding district judge in this case. Plaintiff sought recusal due to purported bias against all pro se inmates at LECI. As the undersigned has no such bias against pro se inmates, and as plaintiff's motion failed to include the affidavit required by 28 U.S.C. § 144, the motion was denied on February 20, 2013 (doc. no. 44). The Order advised plaintiffs that "it is the practice of this court to do its utmost to ensure that pro se litigants, including inmates, are granted the same access to justice as those represented by counsel."

Not satisfied, plaintiff promptly filed another "petition" repeating his request that the undersigned not preside over plaintiff's case. While the motion is difficult to follow, the plaintiff also asks for transfer to a mental institution

because he believes (incorrectly) that Lebanon Correctional Institution has been "condemned." He asks to be sent to a "State of Ohio Mental Institution" and indicates he prefers Oakwood Correctional Institution in Lima, Ohio. Plaintiff fails to comprehend that he may not demand that a particular judge preside over his case, nor may he demand to be incarcerated at any particular state prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (holding that an "inmate has no justifiable expectation that he will be incarcerated in any particular prison within any state"); Nunez v. FCI Elkton, 32 Fed.Appx. 724, 725 (6th Cir. 2002) ("a prisoner has no inherent constitutional right to be confined in a particular prison or to be held in a specific security classification"); Sales v. Smith, 2013 WL 1327069, *4 (S.D.Ohio) ("a prisoner has no right to be transferred to a particular prison").

Accordingly, the plaintiff's "Petition to Remove and Petition to Transfer" (doc. no. 45) is DENIED.

IT IS SO ORDERED.

    s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court